**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JERRI GOODEN,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:19-cv-00244-Y** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") files this Reply in Support of its Motion for Summary Judgment (the "Motion for Summary Judgment") in response to Plaintiff's Response and Brief to Defendant's Motion for Summary Judgment (the "Response"), and respectfully shows the Court as follows:

**I.
THE RESPONSE CONFIRMS THAT PLAINTIFF'S CLAIMS ARE
WITHOUT MERIT AND DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT**

The Response simply rehashes the conclusory, insufficient allegations in Plaintiff's First Amended Petition (Doc. 6) (the "Amended Complaint"), and ultimately fails to address the merits of the Motion for Summary Judgment. Plaintiff fails to provide any credible supporting evidence or applicable legal authority demonstrating that Plaintiff can maintain her causes of action alleged in this lawsuit. Further, the summary judgment evidence conclusively establishes that Defendant is entitled to summary judgment on each of Plaintiff's claims, and Plaintiff wholly fails to distinguish or otherwise address Wells Fargo's summary judgment evidence. Finally, the conclusory and self-serving affidavit submitted in support of Plaintiff's response to the Motion for

Summary Judgment is objectionable and insufficient to raise a genuine issue of material fact. Thus, the Court should grant Wells Fargo's Motion for Summary Judgment.

A.   **PLAINTIFF'S RESPA CLAIM FAILS AS A MATTER OF LAW.**

As stated in Defendant's Motion for Summary Judgment, proving actual damages is a necessary element to recovery under a RESPA claim. *See Avila v. JPMorgan Chase Bank, N.A.*, No. CIV.A. H-14-3502, 2015 WL 1648940, at *3 (S.D. Tex. Apr. 13, 2015); s*ee also Armendariz v. Bank of Am., N.A.*, No. EP-15-CV-00020-DCG, 2015 WL 3504961, at *5 (W.D. Tex. May 21, 2015). Plaintiff alleges actual damages can include lost time and inconvenience, such as time spent away from employment while preparing correspondence to the loan servicer, and directs the Court to a case in the Eleventh Circuit, *McLean v. GMAC Mortg. Corp.*   *See* Response, p. 4; *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1366 (S.D. Fla. 2009), *aff'd,* 398 F. App'x 467 (11th Cir. 2010). However, to recover damages, there must be a causal connection between a RESPA violation and actual damages. *See Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 795 (5th Cir. 2014). Even if the Court were to consider the *McLean* case, RESPA limits damages to those that result from a failure to comply with the statute and the costs allegedly incurred by a plaintiff. *See Law*, 587 F. App'x at 795. In *McLean*, the plaintiff claimed that she had been deprived the opportunity to be gainfully employed and suffered damages in the form of lost wages as a result of the lender's RESPA violation. *McLean*, 595 F. Supp. 2d at 1372. While the court in *McLean* agreed that pecuniary loss could include compensation for time spent away from employment and expenses for preparing, photocopying and obtaining certified copies of correspondence, none of these facts are alleged here. *Id.*; *see* Response, p. 7-10. Plaintiff alleges that she "had to spend 50-100 hours sending and re-sending information" but does not allege that she spent time away from employment resulting in actual damages. *See id.* Plaintiff wholly fails to allege she has damages for costs accrued, such as costs for preparing, photocopying, or obtaining

certified copies. *Id*. Further, there is not a causal connection here because the actual damages anticipated by RESPA are those that *result* from a defendant's failure to comply with the statute and the costs allegedly incurred by a plaintiff. See *Lassiter v. Seterus, Inc.,* No. 4:17-CV-00268, 2017 WL 3909692, at *3 (E.D. Texas Aug. 18, 2017), report and recommendation adopted by, 2017 WL 3896156 (E.D. Texas Sept. 6, 2017); (citing *Law*, 587 F. App'x at 795). There is no evidence in the Amended Complaint or Plaintiff's Response that Defendant's actions resulted in the damages suffered by the Plaintiff, and there are insufficient facts alleged in support of any actual damages at all.

Moreover, the summary judgment evidence, to which Plaintiff has failed to object or even address in her Response, conclusively establishes that Wells Fargo did not violate 12 C.F.R. 1024.41 as alleged by Plaintiff. *See* Motion for Summary Judgment, Exs. A.2 – A.5. As is set forth in detail in the Motion for Summary Judgment, Wells Fargo provided Plaintiff with a decision letter on November 30, 2018. *See id.*, Ex. A.2. Plaintiff appealed that decision on December 12, 2018, and Wells Fargo provided a response to Plaintiff's appeal on December 14, 2018. *See id.*, Exs. A.3 – A.4. Thus, Plaintiff's reiterated claim that a decision on her application was still pending when the Property was posted for the March 5, 2019, foreclosure sale is simply incorrect and disproven by the competent and relevant summary judgment evidence. Further, Plaintiff's claims relating to the January 25, 2019, submission fail still because, as shown by the summary judgment evidence, Wells Fargo responded to Plaintiff's January 25, 2019, "additional information" on January 30, 2019. *See id.*, Ex. A.5. The language of this January 30, 2019, letter is unequivocal: "We determined that you're not eligible to be reviewed for assistance." *Id*.

For these reasons, and those further described in the Motion for Summary Judgment, the Court should grant Wells Fargo's Motion for Summary Judgment and dismiss Plaintiff's claims.

B.   **PLAINTIFF'S TDCA CLAIMS FAIL AS A MATTER OF LAW.**

Plaintiff affirms in her Response that her entire TDCA claim rests on her allegations that Wells Fargo failed to respond to her application for loss mitigation. *See* Response at 11-12 ("Defendant violated the 'dual tracking' provision of RESPA, Defendant violated § 392.301(a)(8) when it accelerated the loan and scheduled the Property for sale, and thus 'threatened to foreclose, and thus to take an action.'"). As set forth above and in further detail in the Motion for Summary Judgment, the summary judgment evidence establishes that Wells Fargo did provide Plaintiff with a decision regarding her loss mitigation application on November 30, 2018. *See* Motion for Summary Judgment, Ex. A.2. Then, Wells Fargo responded to her December 12, 2018, appeal of the decision on December 14, 2018. *See id.*, Exs. A.3 – A.4. Then, Wells Fargo again provided a response to her submission of "additional information" on January 30, 2019. *See id.*, Ex. A.5. Therefore, Plaintiff's claim that there was a pending loss mitigation application such that the loan was "dual tracked" for the March 5, 2019 foreclosure sale is meritless and disproven by the undisputed summary judgment evidence. The Court should therefore grant Wells Fargo's Motion for Summary Judgment and dismiss Plaintiff's claims.

**II.
WELLS FARGO'S OBJECTIONS TO PLAINTIFF'S EVIDENCE**

Wells Fargo objects to the Affidavit of Jerri Gooden (Doc. 25, p. 15-16) (the "Affidavit") submitted by Plaintiff as containing conclusory statements of fact and self-serving hearsay, and requests the Court strike the Affidavit.

Wells Fargo first objects to paragraph 2 of the Affidavit because it is not based on Plaintiff's personal knowledge. Additionally, Plaintiff is not competent to testify on the issues identified in paragraph 2, and the states are grounded in speculation and conclusory statements, including hearsay, not on Plaintiff's observations or personal experience. Fed. R. Civ. P. 56(c)(4).

Further, the statements regarding valuation of the Property are not supported by any documentation.

Wells Fargo further objects to paragraphs 3 through 8 of the Affidavit because the statements therein are conclusory and fail to provide the underlying facts to support such bald statements as "Wells Fargo had my loan file on what is called a 'dual track'" and "I have been damaged by having insufficient time to make alternative arrangements to sell or borrower additional funds."  Affidavit, ¶¶ 5, 8.

Finally, Wells Fargo objects to the Affidavit because Plaintiff did not comply with Local Rule 56.6 which requires that "[a] party who relies on materials in the record— including…affidavits…— to support or oppose a motion for summary judgment must include the materials in an appendix."  Plaintiff has failed to provide the Affidavit in an appendix.

For these reasons, Wells Fargo requests that the Affidavit be stricken.

## III.
## CONCLUSION

WHEREFORE, Wells Fargo respectfully requests that the Court grant its Motion for Summary Judgment and dismiss all of Plaintiff's claims with prejudice.  Wells Fargo further prays that the Court grant all other and further relief in law or in equity to which it may be justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Elizabeth Hayes*
**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**Marc D. Cabrera**
State Bar No. 24069453
mcabrera@lockelord.com
**Elizabeth Hayes**
State Bar No. 24069001
elizabeth.hayes@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**ATTORNEYS FOR WELLS FARGO**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2019, a true and correct copy of the foregoing document was served on all counsel of record *via ECF Notice* pursuant to the Federal Rules of Civil Procedure.

*/s/ Elizabeth Hayes*
Elizabeth Hayes