# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **JERRI GOODEN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00244-P |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (ECF No. 14), Plaintiff Jerri Gooden's Response (ECF No. 22), and Wells Fargo's Reply (ECF No. 29). Having considered the Motion, the Court finds that it should be and is hereby **GRANTED.** Accordingly, Gooden's claims against Wells Fargo are hereby **DISMISSED with prejudice.**

## BACKGROUND

Gooden resides at 8811 Royal Harbor Ct., Fort Worth, Texas 76179 (the "Property"). Pl.'s Am. Compl. at 2, ECF No. 6. On August 25, 2011, Gooden obtained a loan for the Property, evidenced by her execution of a promissory note in the principal amount of $913,600 made payable to Wells Fargo Bank, N.A. as well as a deed of trust (the "Deed of Trust"), granting a security interest in the Property to secure repayment of the promissory note. Def.'s Br. Supp. MSJ at 3, ECF No. 15; Def.'s App. Supp. MSJ at 1–2, 5–10, 25–45, ECF No. 16. The promissory note requires Gooden to make monthly payments on the first day of each month in the amount of $4,427.76 until the balance is paid in full. *See id.* at 3. The note provides that Gooden will be in default if she does not pay the full amount of each payment on the date the payment is due. *Id.* The

note also permits the acceleration of the maturity date of the note if Gooden defaults, which makes the remaining unpaid balance immediately due and payable in full. *Id.*

In 2015, Gooden missed two months of payments while waiting for an unrelated bankruptcy matter to be resolved. *Id.* She contacted Wells Fargo who suggested she apply for a loan modification to determine what her available options were regarding restructuring her loan and making up the missed payments. *Id.* Over the next 11 months, Gooden and Wells Fargo worked toward a solution which culminated in a November 30, 2018 letter from Wells Fargo giving Gooden the option to participate in a "short sale." *See* Def.'s App. Supp. MSJ Ex. A.2, ECF No. 16. Gooden submitted an Appeal Request Form (Def.'s App. Supp. MSJ Ex. A.3, ECF No. 16) on December 12, 2018, which was promptly denied by Wells Fargo in a letter (Def.'s App. Supp. MSJ Ex. A.4, ECF No. 16) dated December 14, 2018.

Gooden states that a "fully complete loan modification application" was submitted to Wells Fargo no later than January 25, 2019. Pl.'s Am. Compl. at 6, ECF No. 6. Wells Fargo provided a copy of the January 30, 2019 letter in which they notified Gooden that she was not eligible to be reviewed for assistance at that time. Def.'s App. Supp. MSJ Ex. A.5, ECF No. 16. Wells Fargo has noticed the Property for foreclosure sale to take place on March 5, 2019. Pl.'s Am. Compl. at 4, ECF No. 6.

Plaintiff filed suit against Wells Fargo on March 4, 2019 and obtained an *ex parte* temporary restraining order enjoining Wells Fargo from proceeding with the March 5, 2019 foreclosure sale. *See* Not. of Rem. Ex. C, ECF No. 1-4. Wells Fargo removed the suit to this Court on March 25, 2019. *See* Not. of Rem., ECF No. 1. Gooden amended her complaint on April 25, 2019 (ECF No. 6), and Wells Fargo now seeks summary judgment in this Motion. Having been fully briefed, the Motion for Summary Judgment is ripe for the Court's consideration.

## LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2505. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id*. at 250, 106 S.Ct. at 2505.

## ANALYSIS

The Court acknowledges that Gooden dismissed her own claims for breach of contract and declaratory judgment in her Response and thus the Court will not address those claims. *See* Pl.'s Resp. MSJ at 12, ECF No. 25. Accordingly, Gooden's claims for breach of contract and declaratory judgment are hereby **DISMISSED.**

### A. Gooden's Affidavit

Gooden attached an affidavit to her Response as summary judgment evidence. *See* Pl.'s Resp. MSJ at 15–16, ECF No. 25. Wells Fargo objected to paragraphs two through eight of Gooden's affidavit due to lack of personal knowledge and use of conclusory statements. *See generally* Def.'s Reply MSJ, ECF No. 29. Wells Fargo also objected to Gooden's affidavit due to improper filing. *Id*. Under the Federal Rules of Civil Procedure, an affidavit or declaration must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. FED. R. CIV. P. 56(c)(4). Having reviewed the affidavit and Wells Fargo's objections, the Court **OVERRULES** Wells Fargo's objections to Gooden's affidavit.

### B. RESPA Claim

1. <u>Wells Fargo Fails to Conclusively Establish that Gooden Submitted a Complete Loss Mitigation Application</u>

Gooden's first claim is for violation of 12 C.F.R. § 1024.41, which actionable through 12 U.S.C. § 2605(f) (RESPA). *See* Pl.'s Am. Compl. at 5, ECF No. 6. Relying exclusively on a November 30, 2018 letter, Wells Fargo contends that it conclusively established that it had already complied with its RESPA obligations after Gooden submitted a complete loss mitigation application. Def.'s Br. Supp. MSJ at 6–7. Thus, Wells Fargo argues that it is not liable for failing to review Gooden's additional loss mitigation application because it is only obligated under RESPA to conduct one such review. *See id.* at 7–8. While the November 30, 2018 letter provides an offer of short sale in respect to Gooden's request for loss mitigation assistance, the letter does not state the Wells Fargo had received a *complete* loss mitigation application, or that the November 30, 2018 letter was in response to a *complete* loss mitigation application. Therefore,

Wells Fargo fails to conclusively establish that Gooden filed a *complete* loss mitigation application at the time of the November 30, 2018 letter. Accordingly, a genuine dispute as to a material fact precludes summary judgment on this ground.

When evaluating a loss mitigation application, the servicer must "provide the borrower with a notice in writing stating the servicer's determination of the loss mitigation options, if any, it will offer the borrower on behalf of the owner or assignee of the mortgage." 12 C.F.R. § 1024.41(c)(1)(ii). "A complete loss mitigation application means an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." *Id.* § 1024.41(b)(1). If a borrower submits a complete lost mitigation application during the pre-foreclosure review period or before a servicer has made the first notice or filing required by applicable law for any foreclosure process, a servicer may not make first notice or otherwise file to begin foreclosure proceedings unless notice pursuant to paragraph (c)(1)(ii) is made that: (i) the borrower is not eligible for loss mitigation and is not eligible for appeal, (ii) the borrower has not requested an appeal within the applicable time period for requesting an appeal, or (iii) the borrower's appeal has been denied. *See id.* § 1024.41(f)(2)(i). Similarly, if a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required to begin foreclosure proceeding but more than thirty-seven days prior to the scheduled foreclosure sale, the same prohibitions apply. *See id.* § 1024.41(g)(1). A servicer must comply with 12 C.F.R. § 1024.41 for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior application. *Id.* § 1024.41(i).

Gooden claims that because she has current loan modification application(s) pending before Wells Fargo, sections 1024.41(f) and (g) still prohibit Wells Fargo from engaging in foreclosure proceedings. *See* Pl.'s Resp. MSJ at 9, ECF No. 25. Wells Fargo attached a November 30, 2018 letter in which it stated that it was "responding to [Gooden's] request for assistance and the options that may be available to help [Gooden]." Def.'s App. Supp. MSJ Ex. A.2, ECF No. 16. Wells Fargo notified Gooden that it had "reviewed [her] loan for other assistance options at the time," and "determined that [she was] eligible for a short sale." *Id.*

While the November 30, 2018 letter satisfies the requirements under 12 C.F.R. § 1024.41(c) for this loss mitigation application, it is unclear whether this letter was in response to an incomplete or complete loss mitigation application. The letter does not indicate compliance with the statute. Wells Fargo did not provide any evidence of if, or when, Gooden submitted a complete loss mitigation application. As noted above, section 1024.41 requires compliance with the statute "unless the servicer has previously complied with the requirements of this section for a *complete* loss mitigation application submitted by the borrower." *See* 12 C.F.R. § 1024.41(i) (emphasis added); *see also Germain v. US Bank Nat'l Ass'n as Tr. for Morgan Stanley Mortg. Loan Tr. 2006-7*, 920 F.3d 269, 276 (5th Cir. 2019). Thus, because there is not conclusive evidence of if, or when, Gooden submitted a *complete* loss mitigation application prior to the letter, Wells Fargo is not entitled to summary judgment on this ground. *See* § 1024.41(i) (excusing servicer from complying with RESPA for duplicative requests if the services has already complied upon receipt of a "complete loss mitigation application").

2. <u>Damages Must Have Causal Connection to RESPA Violation</u>

Gooden failed to provide evidence of actual damages. Gooden argues that her actual damages include time sending and resending information to Wells Fargo associated with her loss

mitigation application(s), additional fees and expenses incurred as a result of this process, and late charges and penalty interest being added to the loan. *See* Pl.'s Resp. MSJ at 8, ECF No. 25. Because Gooden failed to provide evidence that her alleged actual damages occurred as a result of a RESPA violation, summary judgment is granted in favor of Wells Fargo, and Gooden's claims for violation of 12 C.F.R. § 1024.41, actionable through RESPA, are dismissed.

RESPA requires a loan servicer to respond appropriately to a borrower's qualified written request by certain deadlines. *See* 12 U.S.C. § 2605(e). RESPA also provides that "whoever fails to comply with any provision of RESPA shall be liable to the borrower for each such failure in the following amounts: . . . (A) any actual damages to the borrower . . . and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f). To recover, a claimant must show that the actual damages resulted from a RESPA violation. *Whittier v. Ocwen Loan Servicing, LLC*, 594 F. App'x 833, 836 (5th Cir. 2014); *see also Johnson v. Ocwen Loan Servicing, L.L.C.*, 2017 WL 6806688, No. 3:16-cv-2213-M, at *10 (N.D. Tex. Nov. 16, 2017), *report and recommendation adopted in part, rejected in part by*, 2018 WL 295792 (N.D. Tex. Jan. 4, 2018).

In *Johnson*, the plaintiff alleged that she suffered mental anguish damages and suffered financial losses from the expenses of preparing the loss mitigation documents and the loss of time and inconvenience. 2017 WL 6806688 at *10. Specifically, the plaintiff claimed she had suffered heightened stress levels, sleepless nights, hair loss, anxiety, and spent approximately 130 hours gathering documents and information and attempting to submit and resubmit loss mitigation/loan modification applications. *Id.* The court in *Johnson* rejected the plaintiff's damages and concluded that the alleged losses were a result of preparing a loss mitigation application and not the result of the defendant filing for foreclosure or failing to provide proper notice of her application denial. *Id.*

7

Thus the court in *Johnson* granted summary judgment on the plaintiff's RESPA claims in favor of the defendant. *Id.*

The facts in *Johnson*, are like the facts before the Court in this matter. Gooden alleges that she and others spent between 50 and 100 hours emailing, faxing, and gathering updated information for Wells Fargo, and that she was constantly told that the review was still in process and that additional documentation was necessary. Pl.'s Am. Compl. at 3, ECF No. 6. In addition, Gooden claims that she incurred additional fees and expenses "in her efforts to protect her home," as well as the continuous build up of late charges and penalty interest she accumulated while taking part in the loan modification application process. Pl.'s Resp. MSJ at 8, ECF No. 25. The Court sees these damages in the same light as the *Johnson* court—as a result of Gooden's participation in the loan modification application process rather than as a result of Wells Fargo's commencement of foreclosure proceedings or failure to give notice to Gooden. *See Johnson*, 2017 WL 6806688 at *10. Because Gooden's alleged damages did not result from the alleged wrongful conduct under RESPA, Gooden cannot succeed on this claim.

Accordingly, the Court finds that Wells Fargo's request for summary judgment concerning Gooden's RESPA claims should be and hereby is **GRANTED**, and the claims under this statute are **DISMISSED with prejudice.**

## C. TDCA Claim

Gooden also claims Wells Fargo violated the Texas Debt Collection Act ("TDCA") by "threatening to take an action prohibited by law." Pl.'s Am. Compl. at 7, ECF No. 6. However, because the action threatened by Wells Fargo is not prohibited by law, Gooden's claim fails, and summary judgment should be granted in favor Wells Fargo.

The Texas Finance Code prohibits debt collectors from using "threats, coercion, or attempts to threat or coerce that employ. . . threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). However, section 392.301(b)(3) clarifies that nothing in subsection (a) prevents a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Id.* at § 392.301(b)(3). "The right to a nonjudicial foreclosure, where it exists, is a contractual right memorialized within 'a deed of trust or contract lien.'" *McCaig v. Wells Fargo Bank (Texas) N.A.*, 788 F.3d 463, 478 (5th Cir. 2015) (citing TEX. PROP. CODE § 51.002(a)). Because a default generally triggers a mortgagor's right to foreclose under a deed of trust, district courts have recognized that Section 392.301(a)(8) claims premised on a threat of foreclosure generally turn on whether the mortgage is in default. *Id.* (citing *Wildy v. Wells Fargo Banks, NA*, No. 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012). However, not only must a mortgage be in default, but "what matters is whether the mortgagor has a right to foreclose." *McCaig*, 788 F.3d at 478 (citing *Matter of Marriage of Rutherford*, 573 S.W.2d 299, 301 (Tex. App.—Amarillo 1978, no writ)).

Here, Gooden is not only in default, but Wells Fargo also has the right to foreclose on the Property. Gooden admits that the loan is "approximately $150,000.00 delinquent." Pl.'s Am. Compl. at 2, ECF No. 6. Further, the Deed of Trust states that "if the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law." Def.'s App. Supp. MSJ Ex. B at 41, ECF No. 16. These facts indicate that the foreclosure or threat of foreclosure by Wells Fargo is not

an action prohibited by law. Accordingly, summary judgment should be **GRANTED** in favor of Wells Fargo and Gooden's TDCA claim should be and hereby is **DISMISSED.**

### D. Injunctive Relief and Attorneys' Fees

Gooden seeks injunctive relief prohibiting Wells Fargo from proceeding with foreclosure and attorneys' fees associated with the pending litigation. Gooden's request relies on the finding of a violation of RESPA and TDCA. Pl.'s Resp. MSJ at 12, ECF No. 25. Having granted Wells Fargo's motion for summary judgment as to all of Gooden's substantive claims, the Court likewise dismisses Gooden's requests for injunctive relief and attorneys' fees because there are no remaining claims upon which injunctive relief or attorneys' fees may be based. *See Pearlman v. Wells Fargo Bank, NA*, No. H-17-1380, 2018 WL 2335367, at n.3 (S.D. Tex. Mar. 7, 2018) (dismissing requests for injunctive relief and attorneys' fees where no underlying claims remained following a grant of summary judgment). Therefore, Gooden's claims for injunctive relief and attorneys' fees should be and hereby are **DISMISSED.**

## CONCLUSION

Having concluded that there is no genuine dispute as to any material fact and that Wells Fargo is entitled to judgment as a matter of law, summary judgment is **GRANTED** in favor of Wells Fargo, and Gooden's claims against are **DISMISSED with prejudice.**

**SO ORDERED** on this **13th day** of **December, 2019**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE